**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Gerald Motley,<br><br>           Petitioner,<br><br>vs.<br><br>Conrad Graber,<br><br>           Respondent. | CV10-0080-TUC-CKJ (JR)<br><br>**REPORT AND RECOMMENDATION** |

     Pending before the Court is Gerald Motley's Petition for Writ of Habeas Corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2241. In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, dismiss the Petition with prejudice.

1

I.  **BACKGROUND**

Petitioner Gerald Motley, an inmate currently incarcerated at the Federal Correctional Institution (FCI) in Lompoc, California. Doc. 14. He was convicted of Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841 and is serving a sentence of 120 months, followed by 9 years of supervised release. Petitioner is projected to be released from custody on October 10, 2015 via Good Conduct Time Release. *Answer*, Ex. 1, Att. 2.

Motley was previously housed at the Federal Prison Camp (FPC) in Herlong, California. On October 14, 2008, an investigation was conducted that resulted in the recommendation that Motley be transferred to a more secure institution. *Id*., Ex. 1, Att. 3, p. 5. Motley's Unit Team submitted a Greater Security transfer request to the Designation and Sentence Computation Center (DSCC). *Id*. A Greater Security Management Variable (MGTV) was applied based on "security concerns which are not reflected in the inmate's classification." *Id*. The request was approved and Motley was assigned a MGTV in accordance with Program Statement 5100.08, entitled Inmate Security Designation and Custody Classification. *Id*., Ex. 1, Att. 3, p. 5. The investigation indicated that Motely had used a cell phone to call a BOP Staff employee. *Id*., p. 3. Under the MGTV, Motley was subsequently transferred from FPC Herlong on January 14, 2009 and arrived at FCI Safford, Arizona, on February 19, 2009. *Id.*, Ex. 1, Att. 1.

2

## II.     LEGAL DISCUSSION

### A.     Exhaustion

A federal prisoner challenging any circumstance of imprisonment must exhaust all administrative remedies before filing a petition for writ of habeas corpus. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). Respondent concedes that Motley has exhausted his available administrative remedies. *Answer*, p. 3.

### B.     Merits

Congress has vested in the Attorney General the control and management of Federal corrections institutions. 18 U.S.C. § 4081. Under that authority, the Attorney General may classify inmates and provide for their proper government, discipline, treatment, care, rehabilitation, and reformation. 18 U.S.C. § 4001(b)(2). In turn, the Attorney General authorizes the Director of the Bureau of Prisons (BOP) "to exercise or perform any of the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of persons . . . . 28 C.F.R. § 0.96.

The BOP accomplishes the classification and security designation process through Program Statement (PS) 5100.08, *Inmate Security Designation and Custody Classification. See* www.bop.gov. Under PS 5100.08, each inmate is assigned a security point score which is used to identify the type of institution required to house the particular inmate, whether it be minimum, low, medium, high, or administrative. *Id.*

The classification analysis also allows for the imposition of a management variable of greater security, referred to as an "MGTV," when the assigned score does not reflect the inmate's assessed security needs. PS 5100.08, Ch. 5. Application of a MGTV requires review and approval by the Designation and Sentence Computation Center (DSCC) located in Grand Prairie, Texas. *Id.*

In the Petition, Motley alleges that his rights to due process were violated when the MGTV was applied without finding him guilty of violating any prison rules. *Petition*, p. 4. He contends that he was never found guilty of possessing a cellphone, and therefore prison officials acted in an "arbitrary and capricious manner" when he was transferred. He requests that the MGTV be removed and that he be transferred back to a minimum security facility. *Petition*, Att., p. 1. However, the BOP was not required to provide Motley with any notice, a hearing, or an opportunity to be heard before applying the MGTV, and he is therefore not entitled to relief.

Inmates do not have "legitimate statutory or constitutional entitlement sufficient to invoke due process" regarding their classification. *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). In *Meachum v. Fano*, 427 U.S. 215 (1976), the Supreme Court expressed concern that finding prisoners have a liberty interest in their transfers that would trigger due process that "would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of federal courts." *Id*. at 225. The Court was "unwilling to go so far" as to find a liberty interest when transfers are made for a number of

reasons including institutional security or the safety and welfare of an inmate. *Id*. Likewise, the Ninth Circuit has also held that prisoners have no constitutional right to a particular classification status. *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing *Moody*, 429 U.S. at 88 n. 9).

These decisions are consistent with the Ninth Circuit's holding that BOP inmates have "no right to be at any particular prison." *Grayson v. Rison*, 945 F.2d 1064, 1067 (9th Cir. 1991). A previous decision adopted by this Court aptly summarized the application of this authority in a case much like that faced by Motley:

> The assignment of an MGTV to Petitioner's custody classification does not create a liberty interest entitling Petitioner to procedural protections of due process. Congress and the Attorney General gave the BOP wide discretion to create and maintain a classification system. The BOP created Program Statement 5100.08 as a guideline for classifying inmates. Prison officials complied with P.S. 5100.08 in classifying Petitioner. . . . BOP's use of its congressionally-mandated discretion to classify Petitioner does not first require BOP to provide Petitioner with any due process.

*Leggins v. Duncan*, 2010 WL 4916437, at *6 (D.Ariz. 2010); *see aslo Estrada v. Chavez*, 2009 WL 1383328, at *4-5 (D.Ariz. 2009). This summary applies with equal force in this case and Motley is therefore not entitled to relief.

### III. RECOMMENDATION

For the foregoing reasons, the Magistrate Judge **recommends** that the District Court, after its independent review, **dismiss with prejudice** Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 1).

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CV10-0080-TUC-CKJ**.

Dated this 12th day of February, 2013.

*Jacqueline M. Rateau*
Jacqueline M. Rateau
United States Magistrate Judge